# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| GEORGE J. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 11-cv-1047 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Respondent. | ) |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus (Doc. 1), the Motion for Leave to Proceed in forma pauperis (Doc. 2), and the Motion to Appoint Counsel (Doc. 3) filed by Petitioner, George J. Robinson. The Petition and Motion to Proceed in forma pauperis are TAKEN UNDER ADVISEMENT and the Motion to Appoint Counsel is DENIED WITHOUR PREJUDICE.

The Petition indicates that it is filed pursuant to 28 U.S.C. § 2254 which would indicate that Petitioner is attempting to seek habeas corpus relief with respect to a conviction entered by a state court. Petitioner states that he is currently incarcerated at the Pontiac Correctional Center under a conviction entered in June of 2006 for criminal sexual assault. The Petition, however, fails to state any grounds for relief that are recognizable under § 2254. The statute provides that "the district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States." The Petition does not state in what manner Petitioner believes that his state conviction and sentence are in violation of the Constitution or laws of the United States. Indeed, there are no grounds for relief listed in the Petition nor is the Petition signed. Petitioner also has not named a correct Respondent, who should be the warden of Pontiac Correctional Center. 28 U.S.C. § 2243.

Petitioner does, however, appear to be complaining that he was denied access to the courts while in segregation at Pontiac in that he was not transported to state court for hearings (although such a claim is not listed as a grounds for relief). *See Lewis v. Casey*, 518 U.S. 343, 351-352 (1996). An access-to-courts claim can implicate Petitioner's First Amendment or Fourteenth Amendment Due Process rights depending on the particular allegation made. It appears that Petitioner is making a due process claim – that he was not transported to court in order to file or attend a hearing regarding a post-conviction petition – as such, his claim must be brought pursuant to 42 U.S.C. § 1983. Petitioner also must do more than allege that he was denied transportation to court for a hearing, he must also allege some injury-in-fact – i.e. that a meritorious claim was denied because of his inability to access the courts at the hands of the prison. *See Marshall v. Knight*, 445 F.3d 965 (7th Cir. 2006).

With respect to the Motion to Proceed in forma pauperis, Petitioner has failed to attach his prison trust fund statement. *See* 28 U.S.C. § 1915(a)(2). Such a

treaties of the United States." The Petition does not state in what manner Petitioner believes that his state conviction and sentence are in violation of the Constitution or laws of the United States. Indeed, there are no grounds for relief listed in the Petition nor is the Petition signed. Petitioner also has not named a correct Respondent, who should be the warden of Pontiac Correctional Center. 28 U.S.C. § 2243.

Petitioner does, however, appear to be complaining that he was denied access to the courts while in segregation at Pontiac in that he was not transported to state court for hearings (although such a claim is not listed as a grounds for relief). *See Lewis v. Casey*, 518 U.S. 343, 351-352 (1996). An access-to-courts claim can implicate Petitioner's First Amendment or Fourteenth Amendment Due Process rights depending on the particular allegation made. It appears that Petitioner is making a due process claim – that he was not transported to court in order to file or attend a hearing regarding a post-conviction petition – as such, his claim must be brought pursuant to 42 U.S.C. § 1983. Petitioner also must do more than allege that he was denied transportation to court for a hearing, he must also allege some injury-in-fact – i.e. that a meritorious claim was denied because of his inability to access the courts at the hands of the prison. *See Marshall v. Knight*, 445 F.3d 965 (7th Cir. 2006).

With respect to the Motion to Proceed in forma pauperis, Petitioner has failed to attach his prison trust fund statement. *See* 28 U.S.C. § 1915(a)(2). Such a

treaties of the United States." The Petition does not state in what manner Petitioner believes that his state conviction and sentence are in violation of the Constitution or laws of the United States. Indeed, there are no grounds for relief listed in the Petition nor is the Petition signed. Petitioner also has not named a correct Respondent, who should be the warden of Pontiac Correctional Center. 28 U.S.C. § 2243.

Petitioner does, however, appear to be complaining that he was denied access to the courts while in segregation at Pontiac in that he was not transported to state court for hearings (although such a claim is not listed as a grounds for relief). *See Lewis v. Casey*, 518 U.S. 343, 351-352 (1996). An access-to-courts claim can implicate Petitioner's First Amendment or Fourteenth Amendment Due Process rights depending on the particular allegation made. It appears that Petitioner is making a due process claim – that he was not transported to court in order to file or attend a hearing regarding a post-conviction petition – as such, his claim must be brought pursuant to 42 U.S.C. § 1983. Petitioner also must do more than allege that he was denied transportation to court for a hearing, he must also allege some injury-in-fact – i.e. that a meritorious claim was denied because of his inability to access the courts at the hands of the prison. *See Marshall v. Knight*, 445 F.3d 965 (7th Cir. 2006).

With respect to the Motion to Proceed in forma pauperis, Petitioner has failed to attach his prison trust fund statement. *See* 28 U.S.C. § 1915(a)(2). Such a

statement must be filed prior to this Court's consideration of whether Petitioner may proceed without prepaying of the filing fee.

Finally, with respect to the Motion for Appointment of Counsel, civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). After a litigant has made such an attempt, the Court considers whether "given the difficulty of the case, d[oes] the plaintiff appear to be competent to try it himself, and, if not, would the presence of counsel [] [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Petitioner has made no attempt to secure an attorney prior to asking for the Court's assistance. Petitioner may refile the Motion upon a showing that he has attempted to acquire counsel without Court intervention.

## Conclusion

IT IS THEREFORE ORDERED:

1. The Petition for a Writ of Habeas Corpus (Doc. 1) is TAKEN UNDER ADVISEMENT. Petitioner SHALL file an amended petition that lists, in numbered paragraph form, his grounds for relief consistent with 28 U.S.C. § 2254 and this Order. Petitioner shall also sign and date any such amended petition. The amended petition SHALL be filed no later than 30 days from the date of this Order.

Petitioner is WARNED that the failure to file an amended petition will result in dismissal for failure to state a claim.

2. The Motion for Leave to Proceed in forma pauperis (Doc. 2) is TAKEN UNDER ADVISEMENT. Petitioner SHALL file a prison trust fund statement covering the 6-month period immediately preceding the filing of the Petition within 30 days of the date of this Order. Petition is WARNED that the failure to file the prison trust fund statement shall result in the dismissal of this Petition for failure to pay the filing fee.

3. The Motion to Appoint Counsel (Doc. 3) is DENIED WITHOUT PREJUDICE. Petitioner may re-file this motion upon a showing that he has attempted to secure counsel without Court intervention.

Entered this <u>18th</u> day of February, 2010

                                                           s/ Joe B. McDade
                                                JOE BILLY MCDADE
                                   United States Senior District Judge